IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MAURICE ANTWAIN DIGGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CR 120-065 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Maurice Antwain Diggs filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. no. 165.) The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** without prejudice and this case be **CLOSED**.

On April 8, 2021, a grand jury in the Southern District of Georgia indicted Petitioner in a second superseding indictment on multiple charges of possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a prohibited person. (Doc. no. 48.) On September 2, 2022, Petitioner pled guilty to two counts of possession with intent to distribute methamphetamine, heroin, and marijuana. (Doc. nos. 123-25.) On January 19, 2023, Chief United States District Judge J. Randal Hall sentenced Petitioner to 151 months imprisonment followed by 3 years of supervised release. (Doc. nos. 135, 137-38.)

Petitioner, through court-appointed counsel, Michon D. Walker, filed a notice of appeal on January 23, 2023. (Doc. nos. 141-144.) This appeal currently pends before the Eleventh Circuit Court of Appeals. United States v. Diggs, No. 23-10288-D (11th Cir. Jan. 23, 2023). Dissatisfied with the performance of counsel and, apparently, the progress of his appeal, Petitioner filed the instant § 2255 motion, docketed January 22, 2024, raising several ineffective assistance of counsel claims against Ms. Walker based on her advice regarding his plea agreement and failure to raise certain arguments during sentencing. (Doc. no. 165.)

"[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief." United States v. Casaran–Rivas, 311 F. App'x 269, 272 (11th Cir. 2009) (*per curiam*) (collecting cases supporting dismissal of § 2255 motions as premature while direct appeal pending); see also United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990) ("The general rule is that a defendant may not seek collateral relief while his direct appeal is pending."), *modified on other grounds*, 910 F.2d 713 (11th Cir. 1990) (*per curiam*). Because Petitioner's direct appeal is currently pending before the Eleventh Circuit, and a review of his § 2255 motion reveals no extraordinary circumstances warranting immediate review, Petitioner's § 2255 motion is premature and should be dismissed without prejudice.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** without prejudice and this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of January, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA